### BALDEL et al. v. BERKO.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. APPEAL AND ERROR (§ 930*)—REVIEW—PRESUMPTIONS.

Where the jury found for plaintiffs, all disputed questions of fact must be deemed to have been determined in their favor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–3761; Dec. Dig. § 930.*]

2. CONTRACTS (§ 232*)—ACTIONS—DAMAGES.

Where contractors agreed in writing to do certain extra work for $390, they could not recover more than that sum, less a payment admitted to have been made.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1094; Dec. Dig. § 232.*]

3. SET-OFF AND COUNTERCLAIM (§ 29*)—ACTION ON CONTRACT—EXPENDITURES BY DEFENDANT.

In an action on a contract to do certain work, where it appeared that defendant was put to an expense in raising a machine, which had been placed on a defective foundation, made by the contractors, such expense should have been allowed her.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Rachmil Baldel and another against Margaret Berko. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial granted, conditionally.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Sigmund S. Rotter, of New York City (David Freiberger, of New York City, of counsel), for appellant.

Morris Leibowitz, of New York City, for respondents.

PER CURIAM. The plaintiffs' assignors entered into a written contract for the performance of certain work for the defendant, which was completed in October, 1910, and the original contract price fully paid. Subsequently the plaintiffs' assignors, claiming that they had performed extra labor amounting to the sum of $500, upon which they admitted the sum of $100 had been paid, brought this action, and have recovered a judgment for the sum of $400, from which the defendant appeals.

[1] The case was submitted to the jury upon a charge to which no exception was taken, and, the jury having found for the plaintiffs,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

all disputed questions of fact must be deemed to have been determined in their favor.

[2] Nevertheless an examination of the record satisfies us that an error has been made. Upon the trial, although the plaintiffs' bill of particulars aggregated the sum of $500, it was shown by defendant that the plaintiffs' assignors agreed in writing to do this extra work for the sum of $390. Deducting therefrom the sum concededly paid, a balance of but $290 was therefore due to plaintiffs.

[3] It also is undisputed that the defendant was put to an expense of $29 in raising a machine, which had been placed upon a defective foundation, made by plaintiffs' assignors, and this amount should have been allowed her. The judgment must be modified accordingly.

Judgment reversed, and new trial granted, with costs to appellant to abide the event, unless the plaintiffs will stipulate to modify the judgment within five days after the entry of this order and notice thereof, by reducing the same to the sum of $261 and appropriate costs in the court below, in which event the judgment, as modified, is affirmed, without costs to either party in this court.